# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-0708
Lower Tribunal No. CF20-007094-XX

_____

EDDIE DIXON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Donald G. Jacobsen, Judge.

August 16, 2024

TRAVER, C.J.

Eddie Dixon appeals his conviction and sentence for, among other offenses, armed burglary of a conveyance with a battery.[1] We have jurisdiction. *See* Fla. R. App. P. 9.140(b)(1)(A). Dixon raises four issues on appeal, and one merits reversal. The trial court did not have jurisdiction to consider the State's motion to correct sentencing error while this appeal was pending.

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

Trial courts must impose no-contact orders on defendants convicted of certain qualifying offenses. *See* § 921.244(1), Fla. Stat. (2020). These no-contact orders preclude defendants from contacting their victims, directly or indirectly, throughout their sentences. *See id.* Dixon, who stalked and then battered the mother of his child with a sawed-off shotgun, committed three such crimes. The trial court did not enter a no-contact order at Dixon's sentencing, though, and the State did not request one before Dixon appealed.

The State then moved to correct Dixon's sentence under Florida Rule of Criminal Procedure 3.800(b)(2). It alleged Dixon had written to the victim multiple times from prison, and that she wished it to stop. Dixon objected, contending that the State could not seek this relief during his appeal. The trial court granted the State's motion and amended Dixon's sentence to include a no-contact order.

While the State may move to correct sentence during a defendant's appeal, its scope is limited to correcting errors benefitting the defendant or scrivener's errors. *See* Fla. R. Crim. P. 3.800(b). By adding a no-contact order, which exposed Dixon to a new felony charge if he violated it, the trial court exceeded these limitations. *See* § 921.244(2); *see also Jolly v. State*, 358 So. 3d 463, 464 (Fla. 2d DCA 2023). We therefore affirm the trial court's original judgment and sentence and remand for the trial court to vacate its amended sentence. Our ruling is without prejudice to the

State to seek appropriate post-mandate relief, if available. The victim may separately pursue immediate relief if she so qualifies.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

MIZE and GANNAM, JJ., concur.

Howard L. "Rex" Dimmig, II, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, Elba Caridad Martin, Senior Assistant Attorney General, and James Hellickson, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED